CENTRAL PENNSYLVANIA QUARRY STRIPPING AND CON-STRUCTION COMPANY, PROSECUTOR, v. COURT OF COMMON PLEAS OF HUDSON COUNTY ET AL., DEFENDANTS.

Submitted January 27, 1933—Decided December 27, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Joseph J. Mulnick, Jr.*

For the defendants, *Aaron Gordon.*

The opinion of the court was delivered by

PARKER, J. The writ brings up the proceedings and award on the trial of a claim of property under section 32 of the Executions act. *Comp. Stat., p.* 2255. The "property" consisted of a balance in the First National Bank of Secaucus in Hudson county levied on under the supplement of 1915. *Pamph. L., p.* 182. No question is suggested as to the applicability of a claim of property to such a levy.

The judgment on which the execution and levy were based was a judgment by default, of the Mercantile Contract Purchase Corporation against Alvin R. Geist. The bank balance stood in the name of A. R. Geist Construction Company. It seems to be admitted that there was no Geist corporation, and that Geist was operating personally under that name. The evidence at the trial of the claim of property tended to show that Geist under the trade name was operating as the *alter ego* or *quasi*-partner of the Central Pennsylvania concern, the present prosecutor, in the performance of a state highway contract in which the Central company as a Pennsylvania corporation preferred not to appear by name. When the levy was made, the Central company gave notice that it claimed the money as its own, and the claim was tried with a jury before Judge Thomas H. Brown of the Common Pleas. Both parties asked for a directed verdict, which was denied, and the jury returned a verdict in favor of the judgment creditor and against the claimant. The present writ is to review that award.

The first reason advanced is that the court erred in refusing to direct a verdict for the claimant.

A direction appears to be in order in a proper case arising

under the Executions act. *City Bank* v. *O'Mara,* 88 `N. J. L.` 499, 501. See *Levinson* v. *Godfrey,* 79 *Id.* 212; *Folwell* v. *Fuller,* 53 *Id.* 572. In *Reiman* v. *Wilkinson Gaddis & Co.,* 88 *Id.* 383, 385, refusal of a direction was held error. The rule is otherwise in cases arising under the Attachment act, where the claim is tried by the sheriff and the statute does not contain the clause "as in other cases of trial by jury." *Brown* v. *Christian,* 97 *Id.* 56, 59. The question here then is whether, on the evidence presented, the judge should have directed a verdict for the claimant. We are clear that he properly refused so to do. The written agreement between the claimant and Geist provided for a sharing of profits and losses so that at the least there was a joint adventure. Moreover, there was evidence that some of the money making up the balance in bank consisted of loans by the claimant to Geist. A partnership interest is subject to attachment or execution. *Clements* v. *Jessup,* 36 *N. J. Eq.* 569. The fact that drafts on the account required counter-signature for the claimant does not alter the liability. On the motion to direct, the question to be answered was, is this claimant as a court question entitled to the whole of the fund? In view of what is said above, the answer was properly in the negative.

The second reason is that—"notwithstanding the testimony on behalf of the said claimant, the prosecutor herein established the fact that the entire fund as represented in a certain bank account in the name of A. R. Geist Construction Company on deposit with the First National Bank of Secaucus, New Jersey, was the sole property of the said claimant, and nothwithstanding that the said testimony was uncontradicted and undisputed, the jury rendered a verdict in favor of the Mercantile Contract Purchase Corporation, the levying creditor and the respondent herein, which was contrary to the evidence submitted in the case."

What has just been said, in effect disposes of this reason. The testimony was not "uncontradicted and undisputed." For that very reason, as we have said, the refusal to direct was not error. As a question of weight of evidence, it would seem that the verdict in that aspect is impregnable. *Berry*

v. *Chamberlain,* 53 *N. J. Law* 463, where it is pointed out that resort to this statutory procedure is optional with the claimant, but that if he resorts to it he is bound by it. But, in any event, it seems to be settled practice in cases arising under this statute, that this court on *certiorari* will not undertake to set aside a jury verdict which there is evidence to support.

The third reason is that the judge erred in instructing the jury to find for the judgment creditor unless the claimant had sustained its claim by weight of evidence. As a jury question was presented, this instruction was correct. It is well to add that there was no exception to the instruction.

The fourth reason is that the court "rejected legal evidence" offered by claimant: the fifth, that the court "admitted illegal evidence" offered by the judgment creditor. These reasons specify nothing, and apparently no argument is made thereunder.

The sixth and last reason merely alleges general error, and requires no consideration.

The proceedings are affirmed and the writ dismissed, with costs.